**THE BARSHAY LAW FIRM, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 741-4799
Fax: (516) 706-5055
*Attorneys for Plaintiff*

THE BARSHAY LAW FIRM, PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KOLB RADIOLOGY, PC, <br><br> Plaintiff, <br><br> vs. <br><br> ORION HEALTHCORP, INC. d/b/a PORTECK, LLC <br><br> Defendant. | Docket No: <br><br> **COMPLAINT** <br><br> JURY TRIAL DEMANDED |

KOLB RADIOLOGY, PC (hereinafter referred to as "KOLB"), by and through the undersigned counsel, complains, states and alleges against ORION HEALTHCORP, INC. d/b/a PORTECK, LLC (hereinafter referred to as "ORION"), as follows:

### INTRODUCTION

1.      This action seeks an accounting, as well as damages for breach of contract and conversion.

### JURISDICTION AND VENUE

2.      This Court has federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) as the amount in controversy exceeds $75,000.00 and the parties are citizens of different States.

3.      Venue is proper under 28 U.S.C. §1391(b) because ORION does business in this Judicial District and a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

### PARTIES

4.      KOLB is a New York State domestic professional corporation, with its principal place of business in Bronx County, New York.

5. KOLB is a provider of medical services, specifically radiology services.

6. ORION is a foreign corporation, organized under the laws of the State of Delaware.

7. ORION bills itself as a "national revenue cycle management company" providing billing and collection services to healthcare providers such as KOLB.

## ALLEGATIONS

8. On or about November 1, 2015, KOLB and ORION entered into a "Revenue Cycle Management Services Agreement" (the "Agreement"), wherein ORION agreed to provide, *inter alia*, certain billing and collection services to KOLB.

9. In procurement of the Agreement, ORION held itself out to be competent and capable of adherence to the relevant statutory and regulatory fee schedules and claims submission rules.  However, almost immediately, ORION failed to competently perform its duties under the Agreement.

10. At all times, KOLB provided ORION with timely and accurate information necessary for ORION to fulfill its obligations under the Agreement.

11. By the first quarter of 2016, KOLB had only received nominal payments for over five hundred (500) MRI procedures performed in November and December 2015.  Despite KOLB's request, ORION was unable to provide KOLB any substantive explanation for the poor results.

12. Thereafter, it was discovered that ORION had failed to timely submit for reimbursement hundreds of KOLB's medical claims.

13. It was also discovered that there were at least ninety-seven (97) instances where ORION failed to submit KOLB's medical claims at all.

14. In March 2016, KOLB sent correspondence to ORION inquiring as to the status of KOLB's claims for reimbursement.  ORION failed to respond to KOLB's inquiry.

15. On April 7, 2016, counsel for KOLB, pursuant to Section 14 of the Agreement, advised ORION of KOLB's desire to exercise its audit rights to determine the accuracy of the accounting and internal controls maintained by ORION in connection with the services rendered, or supposed to be rendered, by ORION to KOLB.

16. ORION sought to withhold the audit by raising frivolous and unfounded objections and seeking to impose conditions upon KOLB not contemplated by the Agreement.

THE BARSHAY LAW FIRM, PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

17. When ORION finally provided *some* of the information requested, it became obvious why ORION sought to side-step its obligations to provide the information sought.

18. The preliminary information revealed that at least four hundred (400) of KOLB's claims for reimbursement were submitted untimely by ORION.

19. The preliminary information also revealed that at least one hundred (100) of KOLB's claims were billed by ORION at fees not in accordance with the applicable laws.

20. ORION's conduct described herein has exposed ORION's inability to live up to its obligations under the Agreement. ORION's conduct has, and continues to, cause significant damages to KOLB's business and reputation.

## AS AND FOR ITS FIRST COUNT
### Breach of Contract

21. KOLB repeats and realleges the foregoing paragraphs as if fully restated herein.

22. The Agreement required ORION to provide services to KOLB in accordance with industry standards and applicable laws, rules and regulations.

23. The Agreement required ORION to properly process KOLB's medical claims.

24. ORION failed to provide services to KOLB in accordance with industry standards and applicable laws, rules and regulations.

25. ORION failed to properly process KOLB's medical claims.

26. ORION failed to timely submit hundreds of KOLB's medical claims as required by applicable laws and regulations.

27. ORION failed to timely submit hundreds of KOLB's medical claims as required by the New York State No-Fault Insurance Regulations.

28. ORION failed to timely submit hundreds of KOLB's medical claims as required by the New York Workers' Compensation Insurance Laws.

29. Based on the foregoing, ORION breached the Agreement by failing to provide services to KOLB in accordance with industry standards and applicable laws, rules and regulations, as required by the Agreement.

30. Based on the foregoing, ORION breached the Agreement by failing to properly process KOLB's medical claims, as required by the Agreement.

31. As a direct and proximate result of ORION's breaches of the Agreement, as described, KOLB has been substantially harmed in an amount to be proven at trial.

## AS AND FOR ITS SECOND COUNT
### Breach of Contract

32. KOLB repeats and realleges the foregoing paragraphs as if fully restated herein.

33. The Agreement required ORION to maintain full compliance with all medical billing laws and regulations.

34. ORION billed many of KOLB's medical claims not in accordance with the New York Workers' Compensation Fee Schedule, as applicable to No-Fault insurance claims.

35. ORION billed many of KOLB's medical claims not in accordance with the New York Workers' Compensation Fee Schedule, as applicable to Workers' Compensation insurance claims.

36. Based on the foregoing, ORION breached the Agreement by failing to maintain full compliance with all medical billing laws and regulations, as required by the Agreement.

37. As a direct and proximate result of ORION's breaches of the Agreement, as described, KOLB has been substantially harmed in an amount to be proven at trial.

## AS AND FOR ITS THIRD COUNT
### Breach of Contract

38. KOLB repeats and realleges the foregoing paragraphs as if fully restated herein.

39. The Agreement required ORION to provide billing and collection services to KOLB.

40. The Agreement required ORION to properly process KOLB's medical claims.

41. There are at least ninety-seven (97) instances where ORION failed to submit KOLB's medical claims.

42. There are at least ninety-seven (97) instances where ORION failed to submit KOLB's medical claims through no-fault of KOLB.

43. Based on the foregoing, ORION breached the Agreement by failing to provide billing and collection services to KOLB.

44. Based on the foregoing, ORION breached the Agreement by failing to properly process KOLB's medical claims.

45. As a direct and proximate result of ORION's breaches of the Agreement, as described, KOLB has been substantially harmed in an amount to be proven at trial.

THE BARSHAY LAW FIRM, PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## AS AND FOR ITS FOURTH COUNT
### Breach of Contract and Accounting

46. KOLB repeats and realleges the foregoing paragraphs as if fully restated herein.

47. The Agreement required ORION to prepare patient statements for balance billing after insurance payments.

48. ORION failed to prepare patient statements for balance billing after insurance payments.

49. ORION breached the Agreement by failing to prepare patient statements for balance billing after insurance payments.

50. The Agreement required ORION to provide monthly and interim management reports of billing and collection activity.

51. ORION failed to provide monthly and interim management reports of billing and collection activity.

52. ORION breached the Agreement by failing to provide monthly and interim management reports of billing and collection activity.

53. The Agreement required ORION to provide posting of payments and appropriate verified contractual adjustments to patient accounts.

54. ORION failed to provide posting of payments and appropriate verified contractual adjustments to patient accounts.

55. ORION breached the Agreement by failing to provide posting of payments and appropriate verified contractual adjustments to patient accounts.

56. The Agreement required ORION to provide a follow-up collection process for patient and insurance accounts.

57. ORION failed to provide a follow-up collection process for patient and insurance accounts.

58. ORION breached the Agreement by failing to provide a follow-up collection process for patient and insurance accounts.

59. As a direct and proximate result of ORION's breaches of the Agreement, as described, KOLB has been substantially harmed in an amount to be proven at trial.

60. The Agreement required ORION to provide KOLB a complete accounting upon demand.

THE BARSHAY LAW FIRM, PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

61. Despite multiple requests from KOLB, ORION has refused to provide KOLB an accounting concerning KOLB's claims.

62. The Agreement provides that all applicable business records are property KOLB.

63. The Agreement provides that KOLB will have access to and the right to view and use all applicable business records independently of and without consent of ORION.

64. Despite multiple requests from KOLB, ORION has refused to provide KOLB with access to and the right to view and use all applicable business records independently of and without consent of ORION.

65. Despite multiple requests from KOLB, ORION has refused to turn over to KOLB all of KOLB's business records.

66. KOLB demands a full and complete accounting.

67. KOLB demands ORION immediately turn over KOLB's records.

68. As a direct and proximate result of ORION's failure to provide KOLB with a complete accounting, KOLB has been substantially harmed in an amount to be proven at trial.

69. As a direct and proximate result of ORION's failure to provide KOLB with access to and the right to view and use all applicable business records independently of and without consent of ORION, KOLB has been substantially harmed in an amount to be proven at trial.

70. As a direct and proximate result of ORION's failure to turn over to KOLB all of KOLB's business records, KOLB has been substantially harmed in an amount to be proven at trial.

### AS AND FOR ITS FIFTH COUNT
### Conversion

71. KOLB repeats and realleges the foregoing paragraphs as if fully restated herein.

72. The Agreement provides that all applicable business records are property KOLB.

73. The Agreement provides that KOLB will have access to and the right to view and use all applicable business records independently of and without consent of ORION.

74. KOLB's rights to the business records is superior to that of ORION.

75. Despite multiple requests from KOLB, ORION has refused to provide KOLB with access to and the right to view and use all applicable business records independently of and without consent of ORION.

76. Despite multiple requests from KOLB, ORION has refused to turn over to KOLB all of KOLB's business records.

77. Despite multiple requests from KOLB, ORION has continued to exercise unauthorized dominion over the business records.

78. Despite multiple requests from KOLB, ORION has continued to exercise unauthorized dominion over the business records to the exclusion of KOLB's rights to the records.

79. Despite multiple requests from KOLB, ORION has continued to exercise unauthorized control over the business records.

80. Despite multiple requests from KOLB, ORION has continued to exercise unauthorized control over the business records to the exclusion of KOLB's rights to the records.

81. Based on the foregoing, ORION has converted KOLB's business records.

82. As a direct and proximate result of ORION's conversion of KOLB's business records, KOLB has been substantially harmed in an amount to be proven at trial.

### AS AND FOR A SIXTH CAUSE OF ACTION
### Attorneys' Fees

83. KOLB repeats and realleges the foregoing paragraphs as if fully restated herein.

84. The Agreement provides that the prevailing party in any litigation arising from or relating to the Agreement will be entitled to recovery of its reasonable attorneys' fees and costs, in addition to any other recoveries allowed by law.

85. KOLB will seek attorneys' fees and costs as allowed by the Agreement.

### JURY DEMAND

86. KOLB hereby demands a trial of this action by jury.

### PRAYER FOR RELIEF

**WHEREFORE,** KOLB respectfully requests judgment granting:

    a. Damages against ORION on the First Count in an amount to be proven at trial, but not less than $75,000.00;

THE BARSHAY LAW FIRM, PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

b. Damages against ORION on the Second Count in an amount to be proven at trial, but not less than $75,000.00;

c. Damages against ORION on the Third Count in an amount to be proven at trial, but not less than $75,000.00;

d. Damages against ORION on the Fourth Count in an amount to be proven at trial, but not less than $75,000.00;

e. Damages against ORION on the Fifth Count in an amount to be proven at trial, but not less than $75,000.00;

f. An accounting;

g. KOLB's attorneys' fees as provided for by the Agreement; and

h. KOLB's costs; together with

i. Such other relief that the Court determines is just and proper.

DATED: October 1, 2016

THE BARSHAY LAW FIRM, PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

**THE BARSHAY LAW FIRM**

By: /s David M. Barshay
By: David M. Barshay, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 741-4799
Fax: (516) 706-5055
dbarshay@barshaylaw.com
*Attorneys for Plaintiff*